Opinion op the Court.
THIS is an ejectment, in which the lessor of the-plaintiff below gave in evidence a title derived from the commonwealth. The defendant then gave in evidence a patent of elder date, granted to Banks and Claiborne, who were strangers to this controversy, covering the contested premises. To avoid the effect of this, the plaintiff produced and read a certified extract from the books of the auditor of public accounts, showing that the claim of Banks and Claibprne was sold to the state for taxes, in 1806-, and never redeemed. The court below then, at the instance of the plaintiff, instructed the jury, that the legal title to. the land claimed by Banks and Claiborne', was vested in the commonwealth, by the said sale, and that the elder legal title to the land in controversy was of course in the lessors of the plaintiff. The defendant below excepted to this instruction, and a verdict and judgment having been rendered against him, he has appealed, to this court, and relies on this instruction as error.
It may be a question of some moment,-how far the purchase of the claim of Banks and Barbour by the government, could revive, or infuse validity into the title of the lessor of the plaintiff, and whether the right of entry would not pass exclusively to the state. But we do not suppose it necessary to enquire into that question mow; for we are of opinion, that the sale for taxes, to the state, did not pass the legal title. It is a well known rule of the common law, that no freehold might be giw ento the king, nor derived from him, hut by matter, of record. 2 Bl. Com. 344. In conformity with this principle, the supreme court of the United States, in. the case of Fairfax’s devisee vs. Hunter’s lessee, 7 Cranch, 603, decided that statutes of Virginia, which showed a. strong intention in the legislature to take and pass the title of real estate without inquest of office, were insufv *39 ticieni for that purpose, without express provisions to that effect. No doubt, this principle applies to opr commonwealth, as-it did to the crown, and it is doubtless a common law rule subject to the control of the legislature ; but it is necessary that it should be clearly changed, before we can disregard it.
The tract ofland in question, was sold in pursuance of the provisions of an act of 1808,3 Lift. 335. Before that time, the sheriffs and register could only sell to individuals, and'the state was not allowed to bid. ' Deeds of conveyance were to be executed by these officers, before the title could pass to the individuals. The act in question barely let in the state as a purchaser or bidder at the register’s sales, as to all tracts which could not be sold to others, for the arrearages of taxes due. These were to “ be stricken off to the state.” Whether the register, in case such tracts were not redeemed, was bound to convey them to the state, as to other purchasers, to furnish such record as would pass the title; or, whether further legislation was necessary, to place the title in the state, we will not now enquire; for there is no pretension of any record here, by which the state could take the title, except the entry on the books of the auditor, to whom the register was bound to return aff'ac-count of the sales. We discover no pi-ovision directing the auditor to record these returns.
We do not scruple the power of frhe legislature to have made the auditor’s books, or even these returns of the register, sufficient to pass the title. But still it was necessary that they should make such provision, before we can say that they intended to affect the common law principle. As such provision is wanting, we cannot say that the state took the legal estate. Of course, the.*instruction of the court below, which assumed the position, that this sale, so evidenced, took the legal title from Banks and Claiborne, and passed it to the state, So as to render it inoperative against the junior grant of the lessor of the plaintiff, was erroneous,
We are aw&re, that subsequent legislative provisions relative to land stricken off to the state, have been made, widely different from those of the act of 1806, 2 Digest L. K. 955. But this latter act is’ posterior in date to the sale kv question, and is prospective in its provisions, and can'have no bearing on thg present con *40 troversy. We need not, therefore, now enter into its construction.
The judgment must be reversed with costs, and the cause remanded for new proceedings, not inconsistent with this opinion.